**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robert F. Anderson, Chapter 7 Trustee for Karl Sitte Plumbing Co., Inc. | **DEFENDANTS**<br>Sabrina Sitte Rogers |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Anderson & Associates, P.A.<br>208 Candi Lane, Suite B, Columbia, SC 29210 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Karl Sitte Plumbing Co., Inc. | BANKRUPTCY CASE NO. 14-04418-hb | |
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISION OFFICE<br>Columbia | NAME OF JUDGE<br>Helen Elizabeth Burris |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Robert F. Anderson | | |
| DATE<br>January 30, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert F. Anderson | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Karl Sitte Plumbing Co., Inc.,<br>           Debtor.<br><br>Robert F. Anderson, Chapter 7 Trustee<br>for Karl Sitte Plumbing Co., Inc.,<br>           Plaintiff,<br><br>vs.<br><br>Sabrina Sitte Rogers,<br>           Defendant. | Case No. 14-04418-hb<br><br>Adversary Proceeding No. 15-8_____-hb<br><br>Chapter 7<br><br>**COMPLAINT** |

Plaintiff, complaining of Defendant, alleges that:

## PARTIES

1. He is Chapter 7 Trustee for the Bankruptcy Estate of the above Debtor, duly qualified and acting.

2. Defendant is a citizen and resident of the State of South Carolina and was the Chief Executive Officer of the Debtor at the time of its filing of its Original Petition commencing this Case.

## JURISDICTION

3. This is an Action brought under 11 U.S.C. § 542, for turnover of property of the Debtor by the Defendant.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 541.

5. This is a core proceeding under 28 U.S.C. §157.

## FACTUAL ALLEGATIONS

6. The Debtor filed its Original Petition for Relief under Chapter 7 of the Bankruptcy Code on August 4, 2014 ("Petition Date").

7. Defendant executed the Original Petition and the Schedules and Statements of Affairs for the Debtor as its "owner."

8. Defendant was acting, at the time of the commencement of this Case, as the Chief Executive Officer and Chief Operating Officer of the Debtor.

9. In addition, Defendant is acting as the Personal Representative of the Decedent Estate of Karl Sitte, her father.

10. Karl Sitte was the sole shareholder of the Debtor prior to his death: his decedent estate remains the sole shareholder of the Debtor.

11. In Schedule B of the Debtor's Schedules and Statements of Affairs, filed for record by the Debtor on August 28, 2014, the Debtor lists as assets of the Estate:

    a. one 2005 4 door 8 cylinder Chevrolet Silverado 2500 Truck, S#1GCHK29U65E305379, with 110,000 miles, with a NADA value of $9,225;

    b. one 1998 2 door 8 cylinder Ford F150 Truck, S#1FTZX18W1WNC03234, with 195,000 miles, with a NADA value of $1,725;

    c. one 1999 (2) door, (8) cylinder Ford F250 Truck, VIN 1FTNX20L3XEX28919, with 165,000 miles and with a NADA value of $2,425;

    d. one 4 door, (8) cylinder 2003 Chevrolet Tahoe, VIN 1GNEK13Z53J217579, with 132,000 miles and with a NADA value of $4,775; and

    e. one 2 door (8) cylinder 2001 Chevrolet G2500 Van, VIN 1GCGG25R21140241, with 165,000 miles and with a NADA value of $2,025.

12. Those vehicles (hereinafter jointly referred as to the "Assets"), according to the Schedules and Statements of Affairs of the Debtor, were lien-free.

## FIRST CAUSE OF ACTION

13. Plaintiff realleges paragraphs 1 through 12 hereof.

14. Defendant executed the Original Petition, and the Schedules and Statements of Affairs of the Debtor, under penalty of perjury.

15. Defendant is the "owner" of the Debtor.

16. The Assets are property of the Estate.

17. The Assets were not, and are not, located on the premises of the Debtor.

18. Defendant has stated that she knows the location and whereabouts of the Assets.

19. Others, related by marriage or blood to Defendant, state that Defendant is, or has been in possession of the Assets.

20. Plaintiff has demanded Defendant turnover the Assets to the Estate, but Defendant has failed and refused to so do.

21. Plaintiff is informed and believes that this Court should look into the matters herein set forth, and Order Defendant to turn over the Assets to the Estate at a place to be designated by Plaintiff.

## SECOND CAUSE OF ACTION

22. Plaintiff realleges paragraphs 1 through 21 hereof.

23. Upon information and belief, Defendant has been utilizing the Assets since the commencement of this Case.

24. The use of the Assets caused and continues to cause, depreciation to the value of the Assets.

25. The Estate is entitled to the fair market rental of the Assets from the Petition Date, until such time as the Assets are delivered to the Estate.

26. Upon information and belief, the monthly fair market rental of the Assets is 1/2 of the aggregate NADA value of the Assets.

27. Plaintiff is informed and believes that the Court should look into the matters herein set forth, determine the fair market rental on a monthly basis for the Assets and grant judgment against Defendant for the amount of rental for the Assets from the Petition Date until the surrender and delivery of the Assets to the Estate.

## THIRD CAUSE OF ACTION

28. Plaintiff realleges paragraphs one through 27 hereof.

29. In certifying the truthfulness of the Schedules and Statements of Affairs Defendant filed on behalf of the Debtor, she indicated that the Assets had a fair market value of $20,175.00.

30. Plaintiff, alternatively, demands judgment against Defendant in said amount, as the admitted fair market value of the Assets that have been converted by Defendant and the fair market rental for the Defendant's use of the Assets to the detriment of the Estate.

WHEREFORE Plaintiff prays that the Court look into the matters herein set forth; determine the monthly fair market rental of the Assets; order Defendant turn over the Assets to the Estate at a place to be designated by Plaintiff; grant judgment against Defendant for the total

fair market rental of the Assets from the date of the filing of the Debtor's Original Petition, until the Assets are delivered to the Estate; grant judgment against Defendant in the amount of $20.175.00, as the fair market value of the Assets in addition to the fair market rental value of the Assets as set forth above; and grant unto Plaintiff such other and further relief as to the Court seems just and proper.

**ANDERSON & ASSOCIATES, P.A.**

By: /s/Robert F. Anderson
Robert F. Anderson, Attorney for Trustee
District Court I.D. #1091
P.O. Box 76
Columbia, SC 29202
(803) 252-8600
bob@andersonlawfirm.net

Columbia, South Carolina
January 30, 2015